MARGARET KENT *v.* ANTHONY MONGET, Administrator.

Where, in an action by a married woman, the petition alleges that she is authorized by her husband to sue, she will not be bound to prove the fact, unless specially denied ; a general denial is not sufficient. Where her authority, to sue is specially denied, she must establish it by evidence, before she can compel the defendant to answer to the merits. C. P. 327, 333, 344.

Though it is well settled that dilatory and declinatory pleas must precede the *contestatio litis,* yet if the petition disclose a total want of legal right or authority to sue in the plaintiff, it may be acted on by the court below at any stage of the proceedings, though not pleaded ; as where a married woman sues in her own name, without alleging that she is authorized by her husband. Such a defect could not be cured by any waiver on the part of the defendant.

APPEAL from the Court of Probates of East Baton Rouge, *Tessier,* J.

SIMON, J. The plaintiff is appellant from a judgment of non-suit, rendered against her on the ground that she has not shown, by evidence, that she was legally authorized by her husband to institute and prosecute this suit.

The petition is in the name of " *Margaret Irwin, wife of Fredrick M. Kent, both of the parish of East Baton Rouge, said wife herein duly authorized and assisted to institute and prosecute this suit by her said husband.*" It alleges that the succession of H. Longuepée, represented by the defendant as administrator thereof, is indebted to her in the sum of $850, on a promissory note drawn by one Forbes and endorsed by the deceased ; which note was duly protested for non-payment at maturity, and due notice thereof given to the endorser. Wherefore, she prays for judgment against the said succession.

The defendant first pleaded the general issue, and admitted

that the note sued on had been signed by the deceased. He further averred that the note had been endorsed by the deceased, as surety for Forbes, for the payment of a sum of $500, which was the only consideration received by the drawer from the husband of the plaintiff, who (said husband) had advanced the sum to Forbes as a loan of money, the latter agreeing to pay the sum of $350, as interest for three months for the said loan of $500, to which sum the interest was added, making the amount of the note sued on. The defendant pleaded usury, and prayed that this suit might be dismissed with costs.

On the trial of this cause, the plaintiff having closed her evidence, after producing the note and protest and a certified copy of notice of protest given to the endorsers, and proving the signature of the drawer, the defendant attempted to prove the fact of usury alleged in his answer by producing two witnesses, who declared that they knew nothing. Whereupon the judge *a quo*, instead of giving judgment in favor of the plaintiff for the amount sued for, conceived that she had failed to establish the fact of her being authorized by her husband, and rendered the judgment of nonsuit now complained of.

We think the inferior court erred. It is true that the fact of the plaintiff's having been authorized by her husband to institute this action, was a matter of evidence which should have been adduced, if the defendant had denied it specially. It was also a matter of dilatory exception, which the defendant might have availed himself of, by pleading it specially *a limine litis*, before issue joined ; and the plaintiff would have been bound to establish her authority to sue, before compelling the defendant to answer to the merits of the action. Code of Practice, arts. 327, 333, 344. But the defendant has not thought proper to require the proof of the authorization alleged in the petition, by denying the fact specially ; and, as an exception, it must be considered as waived by the answer to the merits. This court has often held that the plaintiff's want of authority to sue, must be taken advantage of by a special denial, as a general denial is not sufficient to put it at issue. 2 Mart. N. S. 389. 5 Ib. N. S. 343. 1 La. 283. 4 La. 328. 7 La. 595, 599. We are, therefore, of opinion, that the plaintiff's allegation that this suit was instituted with the au-

thorization of her husband, ought to have been taken below as admitted by the defendant; and that the judgment appealed from, based solely upon an assumed exception not pleaded, is clearly erroneous.  10 La. 169.

It seems to us proper to remark, however, that although it is a well settled rule that dilatory and declinatory pleas ought to precede the *contestatio litis*, yet if the petition had disclosed a total want of legal right or authority to sue in the plaintiff, this would have been a proper matter to be taken into consideration and acted on by the court *a qua*, at any stage of the cause.  4 Mart. N. S. 437.  17 La. 234.  But here the petition shows that the plaintiff was duly authorized by her husband to institute this action; the fact of authorization is alleged; and, being considered as admitted by the pleadings, the plaintiff was not bound to produce evidence to establish it.  It would have been different if the plaintiff, being a married woman, had sued in her own name, without alleging that she was authorized by her husband, as then the petition would have disclosed, on its face, an absolute want of authority or legal right in the plaintiff to institute the action, which no waiver of the defendant could cure.

On the merits, the case appears to have been satisfactorily made out; and the defendant has not shown that the plaintiff is not entitled to recover.

It is therefore ordered and decreed, that the judgment of the probate court be annulled and reversed; and that the plaintiff do recover of the succession of H. Longuepée, represented by the defendant as administrator thereof, the sum of $850, with five per cent interest per annum thereon, from the 15th of May, 1841, until paid, and $4 50 costs of protest; the costs in both courts to be borne by the succession.

*Brunot*, for the appellant.

*Elam*, for the defendant.