SUCCESSION OF WILLIAM PORTER—ANN PORTER, Testamentary Executrix, Appellant.

Where the petition of a married woman alleges, that she is authorized by her husband to sue, proof of authorization will only be required when specially denied *in limine litis.*

Art. 986 of the Code of Practice, does not apply to a liquidated claim secured by a special mortgage. . A mortgage creditor is not bound to bring a suit against the succession, before calling on the curator or administrator for the payment of the debt. A simple order from the Probate Judge is sufficient.

Mortgage creditors of a succession, though it be insolvent, are not bound to wait ; they may require the sale of the mortgaged property to be made for cash, provided its appraised value be obtained ; and their wish must always prevail, in this respect, over that of the other creditors. C. C. 1163, 1663. C. P. 990, 991, 992, 995.

Where a Probate Judge orders the sale of mortgaged property to be made for cash, it is not necessary that he should insert in the order the condition imposed by law, that its appraised value be obtained. The law itself fixes the amount the property must bring, when the sale is for cash ; and unless the appraised value be obtained there can be no adjudication.

A legatee of mortgaged property cannot require to be proceeded against as a third possessor, where it is not shown that she has been put in possession of the property.

No part of the property or funds of a succession should be applied to the discharge of legacies, until the creditors are satisfied.

Where the act of mortgage shows that a note secured by it was endorsed when the act was executed, and the note, with the endorsement on it, was delivered to the mortgagor by the mortgagee, the signature of the endorser need not be proved.

A rule to show cause requires no other citation than the notification of the rule. The party against whom it is taken is bound to answer it, within the time fixed, and no judgment by default is necessary to render it absolute, which may be done on the day fixed for its trial.

A rule in the Court of Probates on an executrix, to show cause why mortgaged property should not be sold for cash, taken by the mortgagor, is a summary case, the trial of which is provided for by arts. 1034, 1035 of the Code of Practice.

APPEAL from the Probate Court of New Orleans, *Bermudez*, J.

*J. Mitchell*, for the appellant.

*Delery, Contra.*

SIMON, J. Madame P. Lacoste having applied to the Court of Probates for a rule upon Ann Porter, as testamentary executrix of William Porter, deceased, to show cause, within ten days from the service thereof, why certain lots of ground, specially mortgaged to secure the payment of a note of $2000, should not be sold

for cash by the Register of Wills, after the publications required by law, the rule was regularly notified to the executrix; and no answer to the rule having been filed, nor any opposition made, it was made absolute.

On the day after the judgment was rendered, the executrix filed a written motion for a new trial, on the following grounds, to wit: 1st. That the petitioner cannot proceed by rule, as she had done, but by suit.

2d. That no day was fixed for hearing the rule, nor notice of trial given, so that it was heard *ex parte*, and even without a judgment by default.

3d. That by the will of the deceased duly homologated and ad mitted to probate, the property stated to be mortgaged was, bequeathed to the widow, who was not in community with her deceased husband, and that therefore, said property having passed to a third person who is living, this court is without jurisdiction.

4th. That a sale for cash of the property mortgaged, cannot be ordered.

On the trial of this motion, the executrix produced the will of the deceased, and also his marriage contract, to show that the mortgaged premises had been bequeathed to another person, (to the defendant herself, who was his widow and executrix,) but the court overruled the motion for a new trial, and the executrix excepted. She afterwards took the present appeal.

The evidence shows, that no community ever existed between Ann Porter and her deceased husband; that the premises were specially mortgaged by the deceased in favor of Madame P. Lacoste, the plaintiff in the rule, with the consent and renunciation of the wife, to secure the payment of the sum of $2000, with interest, which had been loaned by her to the deceased, and for which a note by him drawn to the order of one Bohm, and endorsed by the latter, regularly paraphed *ne varietur* by the notary, was delivered to her. The will of the testator shows, that he bequeathed the mortgaged premises to his wife, whom he also appointed his executrix; but, no evidence has been adduced to prove that the property bequeathed was ever delivered by the Court of Probates to the legatee, or that she is in the possession of it, in any other manner, or in any other capacity, than as executrix. It does not appear that any proceeding ever took place, au

thorizing the widow to take possession of the legacy under the will, so as to sever it from the succession; and the will itself is not shown to have ever been ordered to be executed.

We are called upon to reverse the judgment appealed from, and to remand this cause for a new trial, on the following grounds:

1st. That Madame Lacoste avers, that she is a married lady; and though she states she is separated in property from her husband, we are without evidence either of such separation, or of her authority to sue.

2d. That before proceeding to sell the property, the petitioner ought to have obtained a judgment establishing her claim.

3d. That the order for selling the property for cash, implies that it must be sold for what it will bring.

4th. That the court erred in refusing to allow the appellant, as executrix, to show that the property was bequeathed by the testator to his widow, who, though executrix, ought to have been proceeded against as a third possessor. Art. 990 of the Code of Practice, only applying to vacant estates.

5th. That the petitioner was bound to prove the endorsement on the note, and cannot proceed by executory process, without such proof.

6th. That a new trial ought to have been granted for the reasons contained in the rule, as above stated.

I. This was a matter of exception, which the appellant should have availed herself of, by a special denial. In the case of *Kent* v. *Monget, adm'r,* 4 Robinson, 172, we held that proof of the authorization of a married woman by the husband, alleged in the petition, should only be required when the defendant excepts to it, or denies it specially, *a limine litis.* It is true, that, in this case, no answer was filed; but this objection is not even contained among the grounds upon which a new trial was asked for, and the alleged authorization of Madame Lacoste by her husband, was not questioned in the court below. We cannot take notice of it on the appeal, unless the exception is shown to have been pleaded in the lower court.

II. We have been referred to arts. 986 and 987 of the Code of Practice, but they are not applicable. The judgment alluded to

in art. 986, is to be obtained, if the claim be not liquidated, or if the testamentary executor has objections to make to it, and refuses to approve it. But this cannot apply to a liquidated claim, secured by a special mortgage. It is clear, that a mortgage creditor is not bound to bring a suit against the succession, before calling upon the curator, or administrator, for payment of the debt, particularly when, as in this case, the act of mortgage imports a confession of judgment. A simple order of the Judge is sufficient.

III. IV. Under the 1663d art. of the Civil Code, the testamentary executor is authorized to proceed to the sale of the property of the succession, and to the payment of the debts thereof, *in the same manner as is prescribed for curators of vacant successions;* and by arts. 992, and 995 of the Code of Practice, the principles contained in arts. 990 and 991, apply to all successions administered by administrators, and what is said in this section of the Code of Practice, (of the settlement of successions,) in relation to the liquidation of estates, applies where such estates are administered *by testamentary executors.* Now art. 990 provides, that it shall be the duty of the several Judges of Probate, on the application of any creditor of a vacant estate, to cause, on the requisite advertisements being made, so much of the property of said estate as is necessary to pay the debts of the same which may be due, to be offered for sale and sold at public auction *to the highest bidder for cash,* if the creditors require it, provided *the appraised value be obtained,* &c. Mortgage creditors of a vacant succession, even if it be insolvent, are not bound to wait, and to consent to any terms of credit; they may require that the sale of the property subject to their mortgage be made *for cash,* and their wish, in this respect, shall always prevail over that of the other creditors. Civil Code, art. 1163. With these rules, which are to govern in cases of testamentary successions, how can the appellant pretend, that Madame Lacoste has no right to require the sale of the premises for cash? How can she delay the payment of the mortgage debt? The rule under consideration was applied for, by virtue of a right allowed by law to all creditors of successions, and specially to mortgage creditors; and, we think, that from the

positive terms of the law, it could not be refused.    *Towles' Adm'x v. Weeks et al.* 7 La. 317.

It has been urged, that the ordering of the sale for cash, implies that it must be sold for what it will bring.   We presume that the Judge, *a quo,* in ordering the sale of the mortgaged property, understood and intended that it should be made according to law.   There was no necessity for inserting in the judgment the condition, *provided its appraised value be obtained.*   The law itself fixes the amount which the sale must bring, when made for cash; and it is clear that the property cannot be adjudicated for cash under its appraised value.

The appellant has also contended, that she must be proceeded against as a third possessor, and not as executrix.   It has not been shown that the property mortgaged was out of the succession, and that the legatee had been put in possession of it.   Nay, it seems to use that this is urged by the appellant with bad grace. She is herself the executrix and legatee; she knows that the plaintiff's mortgage bears on the property bequeathed; and it is a well settled rule, that no property, no part of the funds of a succession, ought to be applied to the discharge of legacies, before the creditors are satisfied. 3 Mart. N. S. 707.

V.  The act of mortgage shows, that the note was endorsed when the mortgage was executed.  This was acknowledged by the deceased, who delivered it to the mortgagee with the endorsement upon it.   There was no necessity for proving the signature of the endorser.

VI.  A rule to show cause requires no other citation than a notification of the rule.   The defendant was bound to answer it within the delay therein fixed, and no judgment by default was necessary to make it absolute.   This is a summary proceeding provided for by arts. 1034 and 1035 of the Code of Practice, the trial of which may be gone into on the day of the expiration of the delay. The law says that summary cases in the Courts of Probate, shall be heard every day, and as often as may be necessary.   Here the appellant was notified to show cause within ten days from the service of the rule, and it was her duty to appear accordingly.   See case of *McKeever* v. *Keyes and another, ante,* p. 61.

*Judgment affirmed.*