## PAUL LAGAY *v.* LAZARUS CHIEUSSE.

*The character of an action depends upon the prayer for judgment.*

APPEAL from the District Court of the First District, *Buchanan*, J. The petition filed in this case, on the 8th of May, 1837, alleges : That the defendant is justly indebted to the petitioner, in the sum of $1277 28, for merchandize sold and delivered, which, though long since due and demanded, the defendant refuses to pay ; that $1202 28 of that sum, is due for goods delivered to defendant, to be sold by him " for account of the petitioner," the profits to be divided between them, but that defendant " took said goods on his own responsibility, at all hazards," and that he has always refused to account for the same, though requested ; and that the balance of the sum of $1277 28, to wit, $75, is due for goods sold to the defendant, for his own personal use and benefit. The petition concludes by praying, " that judgment may be rendered in favor of the petitioner, against the defendant, for the amount of his claim, to wit, $1277 28, with interest and costs, and for all relief adapted to the case." Certain property of the defendant was attached, and he was arrested and held to bail.

The defendant answers, the 13th of May, 1837 : That, reserving his right to all exceptions to the errors and contradictions in the petition, he denied all the facts and allegations in it, except those subsequently expressly admitted ; that, being about to depart for Tampico, the plaintiff requested him to take charge, as his consignee and agent, of certain goods and merchandize, to be landed at Tampico, and there sold for his account ; that the goods, according to the invoice made by the plaintiff, and annexed for reference, were valued at $1202 28 ; and that they were to remain, until sold, at the risk of the plaintiff :. that they were landed at Tampico, where every exertion was used by the respondent to dispose of them to the best advantage for the plaintiff, who succeeded in disposing of only a small portion of them, they being unfit for the Mexican market : that he informed plaintiff thereof, who, by letter, ordered respondent to deliver over the unsold goods to, one Eidmann, a merchant at Tampico, which he did, and inform-

ed the petitioner thereof : that he disbursed for plaintiff, on account of the goods, for freight and insurance to Tampico, $236 06 : that the portion of goods sold for plaintiff's account, added to the $75 acknowledged to be due for articles purchased by respondent for himself, amount to $203 96, leaving a balance of $32 10 : that this suit was instituted through malice, with a view to vex and harrass him, and to extort a large sum of money : that by attaching respondent's property, and arresting and holding him to bail, without cause, plaintiff has caused him damage to the amount of $2000, which he claims in reconvention. The answer concludes with a prayer, that plaintiff's demand may be dismissed with costs ; that the respondent may recover, in reconvention, the balance of $32 10, and $2000 for damages, as claimed ; and for all other just and equitable relief, which the case may require.

The plaintiff answered the demand, in reconvention, by a general denial.

On the 17th of March, 1840, the counsel of the defendant, filed a paper in the following words : "The peremptory exception of the defendant founded in law, respectfully shows, that from the allegations of the plaintiff's petition itself, it results, that defendant and plaintiff were in partnership in the particular transaction related in the petition : that, as a partner, the defendant cannot be sued but for a settlement of the accounts of that transaction ; wherefore he prays, that plaintiff's petition may be dismissed, with costs, as in case of nonsuit ; and for general relief."

A bill of exceptions, taken by the plaintiff, recites : "That on the trial of this case, the counsel for the defendant alleging, that plaintiff's petition contained two inconsistent demands, called upon him to make his election between them, and to determine which he meant to rely on, which motion the court sustained, and ordered the plaintiff to make his election, though he insisted that there were no inconsistent demands in said petition, and that the exception came too late : that the election was accordingly made, solely because plaintiff was ordered so to do by the court, and that he does not intend thereby to abandon his right to have the cause tried upon the issues made," &c.

From an entry on the minutes of the court, it appears, " that

the plaintiff selected between the two causes of action set forth in
his petition, the second ground, which charges, that the goods
mentioned in the bill were delivered to defendant, to be by him
sold and accounted for." Plaintiff then offered in evidence, the
following receipt, with testimony to establish that it was written
and signed by the defendant :

" N^elle Orleans, le 4 Juin, 1833.

" Je reconnais avoir reçu de Mr. Paul Lagay, de la N^elle Or-
leans, douze cent deux piastres 28–100 c. en marchandises, pour
être vendus au mieux de les interets et partager les benefices avec
lui, lesquelles marchandises je prends sur ma responsabilité quoi-
qu' il en arrive.

" 1202  28–100.                          " L. CHIEUSSE."

After this election had been made, and the plaintiff had closed
his evidence, the defendant filed a second paper, in the following
words : " Defendant now pleads his peremptory exception, by
averring, that on the face of the petition, your respondent, (after
the choice of plaintiff,) is sued for goods, the profits of which were
to be divided between the parties ; that the contract, as averred,
created a partnership between plaintiff and defendant ; and that
the respondent cannot be sued for any special sum arising under
said partnership, before being sued to render an account : where-
fore he prays, that said petition be dismissed, with costs." To
the filing of this paper, the plaintiff also excepted, " on the ground
that it was not a peremptory, but a dilatory, or declinatory excep-
tion, and, as such, could not be filed at that stage of the trial ;"
but the court overruled his objections, and admitted the plea.

There was a judgment of nonsuit, both on the principal and re-
conventional demand. The plaintiff appealed.

*Schmidt*, for the appellant. The court below erred in compel-
ling the plaintiff to elect between the two demands, supposed to
be contained in his petition, and in receiving and sustaining what
the defendant terms his peremptory exception. The evidence
shows, that Lagay is entitled to judgment for the whole of his de-
mand.

*Bodin*, for the defendant. The court did not err   See the

cases of *Mead* v. *Curry*, 8 Mart. N. S. 280, and *De L'Homme* v. *De Kerlegand*, 4 La. 353.

BULLARD, J.* This action was commenced by an attachment, on an affidavit of the plaintiff, that the defendant, who resided in Mobile, was indebted to him in the sum of $1277 28, for merchandize sold and delivered. On the following day, the petition was filed, which set forth, that the plaintiff, between the 17th of May and the 6th of June, 1833, sold and delivered to the defendants, merchandize to that amount; that $1202 28 of the amount was delivered to the defendant, to be sold by him for account of the petitioner, and the profits to be equally divided; but that he took the goods on his own responsibility, at all hazards, and has always refused to account for the same, though demanded; and that the balance of the account was for goods sold to the defendant for his personal use. The petition concludes with a prayer for judgment for the amount of his claim, $1277 28, with interest and costs.

The answer avers, that the defendant, being about to depart for Tampico, was requested by the plaintiff to take charge, as consignee and agent, of a lot of goods, to be landed at that place, and sold for account of the plaintiff; that the goods, until sold, were to remain at the risk of the plaintiff; that they were accordingly landed, but only a part sold, being unfit for the Mexican market; that according to the plaintiff's order, he delivered over to one Eidmann, all the goods remaining unsold. The defendant next sets forth disbursements made by him, and pleads in reconvention; but no other part of the answer need now be noticed.

It is to be remarked, that this answer contains no exception to the form of the action; but afterwards, the defendant's counsel filed what he calls a peremptory exception, to wit, that on the face of the petition, (after the choice of the plaintiff,) he is sued for goods, the profits of which were to be divided between the parties; that the contract, as averred, created a partnership; and that he cannot be sued for any special sum, arising under said partnership, before being sued to render an account.

---

* MORPHY, J., having been of counsel in this case, did not sit on its trial.

The following is a literal translation of the defendant's receipt, upon which this action is founded: "I acknowledge to have received of Mr. Paul Lagay, of New Orleans, $1202 28, in merchandize, to be sold to the best of his interest, and to participate in the profits with him; *which merchandize*, I take *upon my responsibility*, whatever may *happen*."

The petition sets forth the contract, such as it was, and asks for judgment; not for profits, but only for the capital. There is no prayer for a judgment in the alternative. The character of the action, we have often said, depends upon the prayer for judgment. It is clear, that according to the conclusion of the petition, the plaintiff could not, in this action, have had judgment for a rendition of accounts, and a share of profits. He confined his demand to a recovery of the capital advanced by him, which the defendant undertook to guaranty. The court, therefore, in our opinion, erred in compelling the plaintiff to elect between two remedies, and then dismissing the suit because he chose the one not originally demanded. The bill of exceptions to this proceeding, upon which the plaintiff and appellant relies, was, we think, well taken.

It is, therefore, ordered and adjudged, that the judgment of the District Court be reversed; that the exception of the defendant be overruled; and the case be remanded for further proceedings, according to law; and that the defendant pay the costs of this appeal.