## EXECUTORS OF S. M. HAGGERTY *v.* B. W. POWELL.

*A party who sues in a representative capacity, as executor, is only required to prove the capacity in which he acts, when it is specially denied. Going to trial on the merits, without putting at issue the capacity of the plaintiff, implies an admission of it by the defendant.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Bryon*, for plaintiffs. *Livingston*, *Reynolds* and *C. Roselius*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff, who was a resident of the State of Texas, instituted this action, to rescind the sale of a slave sold to him by the defendant, who is a trader in slaves, on the ground, that before and at the time of the sale, the said slave was addicted to the vice of running away; and that he ran away within sixty days from the sale, and has never been heard of since.

After pleading the general issue, the plaintiff died, and his executors appeared, and were authorized to prosecute the suit. The case was tried by them contradictorily with the defendant, and the judgment rendered in their favor; from which the said defendant has appealed. He urges in this court, for the first time, as one of the grounds for the reversal of the judgment, that the plaintiffs are foreign executors; and that, as they have not shown that they had been confirmed as such by a competent court in this State, they have no capacity to stand in judgment.

We are of opinion, that this exception should have been taken when the executors first appeared; if it had been, *non constat* that they could not have shown the fulfilment of that formality. A party suing in a representative capacity is only required to prove the capacity in which he acts, when it is denied. Going to trial on the merits, without putting the capacity of the plaintiffs at issue, was an implied admission of it by the defendant.

The case, on the merits, is clearly with the plaintiffs. They have shown, that the slave had not been eight months in the State when he was sold; and that he ran away within sixty days from the sale. The case comes strictly within the provisions of the act of 1834. Act, p. 7.

The ground, that the persons having charge of the slave for the plaintiff were negligent, and did not exercise a sufficient control over him, is not a legal defence.

The judgment is therefore affirmed, with costs.