## STATE OF LOUISIANA *v.* RICHARD McDONNELL et al.

The proceeding by rule under the 71st section of the Revenue Act, against a Tax Collector and his sureties, is a summary one, to be tried without the intervention of a jury.

The time being fixed for answering the rule if the party called upon to show cause neglects to answer, no judgment by default is necessary, but the rule may on proof be at once made absolute.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.  *E. W. Moïse*, Attorney General, for the State.  *Waples & Eustis*, for defendant and appellant.

MERRICK, C. J.  This case was before us last year, on an appeal taken by other defendants.  See 12 An.

The counsel for the defendant, *Cockerell*, present two additional questions not considered on the appeal taken by the other defendants.  The first is, whether a party can be deprived of his trial by jury in this form of proceeding; and the second, whether a judgment by default was not needed in order to form the *contestatio litis.*

The proceeding is a rule (taken under the 71st section of the Revenue Act) against a Tax Collector and his sureties.

By this section, the Auditor of Public Accounts is authorized to require the District Attorney to proceed against the Tax Collector and his securities, by rule before any competent court, after three days notice for the recovery of the amount

STATE
v.
McDonnell.

due by the Tax Collector, and the suit is to have precedence on the docket of the court, wherein it may be instituted, over all other causes. Acts 1855, p. 518.

The rule here mentioned, is a summary proceeding as contemplated by Article 764 C. P., and is to be tried without the intervention of a jury. C. C. 757.

In the present case, the defendants had ten days notice of the day and hour when they were required to show cause why their bond should not be deemed forfeited and judgment should not be entered thereon against them. A part of the defendants having answered, the rule was taken up at the time assigned and tried, and judgment rendered against all of the defendants.

Thus the only *contestatio litis* was formed which is contemplated in these summary proceedings. The day and hour are fixed by the court when the party in the rule is called upon to show cause, and if he neglect, his indifference to the order of the court is itself a tacit admission of the justice of the rule, and the opposite party may proceed at once with his proofs as in other cases of default, and obtain judgment. *D'Autrive* v. *Neto*, 7 M. R. 358; *Porter* v. *Porter*, 5 Rob. 100; *Sturgis* v. *Kendall*, 2 An. 565.

The abovementioned additional grounds urged by this appellant being unavailing, the judgment must be affirmed.

Judgment affirmed.