No. 404

First Circuit

## SCHOULTZ ET AL. v. KELLER

(February 13, 1929. Opinion and Decree.)

Hiddleston Kenner, of New Orleans, attorney for plaintiff, appellant.

Victor A. Planche, of Covington, attorney for defendant, appellee.

LECHE, J. Plaintiffs allege that they are the sole surviving heirs of Paul Smallwood and, as such, they sue to be recognized as owners of the South half of the Southeast quarter of Section 8 in Township 9, South of Range 13 East, containing eighty acres.

They allege in their original petition that defendant is also claiming title to the same land; that neither are they, nor is defendant in possession, and they base their action on Act 38, page 38 of 1908. Defendant Keller, who alone was originally sued, interposed several defenses. On the trial of the case, it was shown by plaintiffs' own witnesses that Keller was actually in possession and that he, and also other parties are claiming ownership of the property in dispute. On appeal to this Court, the action in the opinion of the Court, was held to be of petitory character and the case was remanded to enable plaintiffs to make proper parties and to have them duly cited.

After the case was remanded to the District Court, plaintiffs filed a supplemental and amended petition, in which they prayed for citation on Auguste J. Planche, Sr., and the heirs of his deceased wife, as being the other persons who claimed ownership of the property, and the decree of this Court was thereby apparently complied with.

All the defendants then excepted to plaintiffs' original and supplemental petitions on the ground that the causes of action therein set forth are inconsistent and that plaintiffs should be ordered to elect, whether they will proceed under Act 38, page 38 of 1908, or according to Articles 43 et seq. of the Code of Practice, fixing the manner in which petitory actions should be conducted.

Plaintiffs having failed to make such election, the trial judge after due hearing, dismissed the suit and from that judgment plaintiffs prosecute the present appeal.

The character of an action at law, is to be determined by the prayer of the petition. Lagay vs. Chieusse, 5 Rob. 132; Edwards vs. Ballard, 20 La. Ann. 169; Ashbey vs. Ashbey, 41 La. Ann. 102, 5 So. 539; Maille vs. I. C. Rd. Co., 121 La. 360, 46 So. 355. From this principle which is now firmly imbedded in our law, it is obvious that the character of an action is not to be determined by what the parties choose to call it, for their opinion is merely a conclusion of law, but it must be determined from the pleadings themselves.

When this case was first submitted to us, plaintiffs alleged that neither were they, nor was defendant Keller in possession of the property and that allegation, read in connection with the prayer of their petition, fixed the action as one brought under the statute of 1908. Upon that theory the case was argued and submitted. The proof showed that Keller was actually in possession, whether as sole owner, for himself, or for others, was not decided or determined by our judgment and decree. But we were convinced that plaintiffs' allegation that defendant was not in possession, was not sustained, for the proof clearly showed the contrary, and that proof was from plaintiffs' own

witnesses. We might then have dismissed plaintiffs' suit, but to avoid a multiplicity of suits, we remanded the case in order that plaintiffs might make the other claimants to the property, parties defendants, in compliance with the manner of conducting petitory actions, as prescribed in the Code of Practice.

Urging their motion to elect, defendants contend that the degree of proof in an action under the statute of 1908, differs from that required in the ordinary petitory action and that the burden of proof under the statute of 1908 is not upon plaintiffs. They cite no authority for this statement and we know of none. This may be partly true to a certain extent, but in the present condition of the case, we have already found that Keller is in possession, whether for himself alone, for others, or for himself and the other defendants, makes no difference as to the character of the action. The petitory action must be brought against the one in possession and conversely the one in possession (for over a year and a day) can only be ousted through the petitory action. Plaintiffs, both in their original and supplemental petitions pray to be recognized as, and decreed owners of the property. We see no inconsistency in these petitions as to the relief for which they pray. The nature of defendant's possession, as well as its extent and duration can only be passed upon after trial on the merits.

Believing that our learned brother of the District Court has erred in his ruling, it is ordered that the judgment appealed from be avoided and reversed and this case remanded to be proceeded with according to law, defendants and appellees to pay costs of this appeal, and all other costs to be taxed on final determination of the case.