## STREAT v. UNITY INDUSTRIAL LIFE INS. CO., Inc.*

### No. 14010.

Court of Appeal of Louisiana.   Orleans.
June 27, 1932.

Chas. J. Mundy, of New Orleans, for appellant.

Daniel A. McGovern, Jr., of New Orleans, for appellee.

HIGGINS, J.

We granted a rehearing in this case limited to a consideration of the exception of no right or cause of action.

The suit is on an industrial life insurance policy to recover disability or sick benefits at the rate of $5 a week for a period of twenty-four weeks, and double indemnity and a reasonable attorney's fee, it being alleged that the company "arbitrarily, illegally and without any just or reasonable ground" refused to pay the claim within thirty days after written notice and proof was filed with the company, as required by the terms of the policy.

The exceptions are predicated upon the ground that, in the body of the petition, the plaintiff, as beneficiary of the policy, seeks to recover individually the sick disability claim of her daughter, when the policy, which is annexed to and made part of the petition, shows clearly that the right of action to recover such a claim is in the daughter of the plaintiff, the assured under the policy.

In the body of the petition it is alleged that the mother applied for a policy in behalf of her daughter, and that the policy was issued on May 20, 1929; that all the premiums were paid by her; that her daughter was sick and confined to her bed under the care of a physician from the period of November 3, 1930, up to and including April 16, 1931, or twenty-four weeks; that she has filed with the defendant company herein "twenty-four application blanks for her said daughter's weekly allowances of $5.00 per week sick disability"; and the prayer of the petition reads as follows:

"Wherefore, the foregoing premises and annexed affidavits considered, petitioner

*Writ of certiorari denied October 4, 1932.

prays that a copy of this petition be served upon the defendant the Unity Industrial Life Insurance Company, New Orleans, Louisiana, a corporation, through its proper officer and that after all due legal delays and proceedings had, there be judgment herein in favor of petitioner for the benefit of the insured Mary Street, her minor daughter, and against the Unity Industrial Life Insurance Company, New Orleans, Louisiana, condemning said defendant to pay unto your petitioner the full and true sum of Two Hundred and Forty ($240.00) Dollars plus legal interest from judicial demand until paid; plus attorney's fee to be fixed by this Honorable Court, as follows, to-wit:

"Straight sick benefit insurance Five ($5.00) Dollars per week Twenty-four (24) weeks or One Hundred and Twenty ($120.00) Dollars, plus an additional One Hundred and Twenty ($120.00) as the double indemnity and an additional Thirty ($30.00) as a reasonable attorney's fee.

"And for all costs of these proceedings and for all general and equitable relief."

It will, therefore, be noted that the petitioner prayed for judgment in her favor for the benefit of the assured, Mary Streat, her minor daughter. The policy annexed to the petition also shows that the assured, Mary Streat, was a minor at the time of its issuance, when the claim for disability arose, and at the time the suit was filed.

■ In the case of Schoultz et al. v. Keller, 10 La. App. 139, 120 So. 232, 233, the court said: "The character of an action at law is to be determined by the prayer of the petition. Lagay v. Chieusse, 5 Rob. 132; Edwards v. Ballard, 20 La. Ann. 169; Ashbey v. Ashbey, 41 La. Ann. 102, 5 So. 539; Maille v. I. C. Rd. Co., 121 La. 360, 46 So. 355. From this principle, which is now firmly imbedded in our law, it is obvious that the character of an action is not to be determined by what the parties choose to call it, for their opinion is merely a conclusion of law, but it must be determined from the pleadings themselves."

In Myers v. Dawson et al., 158 La. 754, 104 So. 704, the Supreme Court said: " * * * This is clearly shown by the prayer of the petition, which determines the character of the suit."

In a series of cases, both the Courts of Appeal and the Supreme Court of this state have held that the character of an action is determined by the prayer for relief. See Louisiana Digest, vol. 6, verbo "Pleading," paragraph 29; also vols. 8 and 9 (Supplements), verbo "Pleading," paragraph 29.

■ While in the body of the petition Annie Streat, the mother and beneficiary of the minor, Mary Streat, the assured, refers to herself as beneficiary, the allegation of the petition which we have quoted above, together with the prayer, conclusively show that the petition was filed by the mother in behalf of her minor daughter, and for her use and benefit, and not as the beneficiary of the policy.

■ But it is said that the petition fails to allege that the father of the minor was dead, and, in the absence of such an allegation, that the plaintiff, as the mother of the minor, was without right to institute this action for the use and benefit of her daughter, and further, that as the petition fails to allege that the minor was unemancipated, the exception of no right of action should be sustained.

While the exceptions are designated as exceptions of no right or cause of action, as to the failure to allege that the minor was unemancipated and that her father was deceased, the exceptions are, in effect, a plea of want of capacity to stand in judgment on the part of the mother to represent her minor daughter herein. It is clear to us that the exceptions challenge the authority or capacity of the plaintiff to represent her daughter, the insured, in these proceedings. The Courts of Appeal and the Supreme Court, in several cases, have held that an exception or plea of want of capacity to stand in judgment is a dilatory exception and must be filed in limine litis. Of particular application, for example, is the case of Dickens v. Singer Sewing Machine Co., Inc. (La. App.) 140 So. 296, 297. In that case the plaintiff brought suit to recover certain money, alleging that she was formerly the wife of George Dickens, from whom she was living separate and apart at the time of filing suit. She did not, allege, however, that there was a legal separation from her husband. The defendant answered, and, on the day of trial, filed an exception of no right or cause of action on the ground that, under the allegations of the petition, it appeared that the cause of action, if any existed, was in the husband as the master of the community, and not in the plaintiff. In overruling the exception the Court of Appeal said: "The exception, while designated an exception of no cause or right of action, is in fact one of want of capacity to sue and stand in judgment; and came too late, as it was filed after issue joined. It should have been filed in limine litis, and was correctly overruled. Code of Practice, art. 333; Campbell v. N. O. City R. R. Co., 104 La. 183, 28 So. 985; Gualden v. K. C. S. Ry. Co., 106 La. 409, 30 So. 889."

See, also, Chopin v. City of New Orleans, 8 La. App. 152; Rigaud v. Garvey, 8 La. App. 736; Charity Hospital v. Axford, 14 La. App. 535, 131 So. 770; Stortz v. N. O. Public Service, Inc. (La. App.) 141 So. 814, decided May 16, 1932; Toca v. Rojas, 152 La. 318, 93 So. 108; Executors of Haggerty v.

Powell, 6 La. Ann. 533; Heirs of Guillotte v. City of Lafayette, 5 La. Ann. 382; Succession of Porter, 5 Rob. 96; Kent v. Monget, 4 Rob. 172; Bonneau v. Poydras, 2 Rob. 1; Moorhead v. Thompson et al., 1 La. 283; State v. Bank of Louisiana, 5 Mart. (N. S.) 343; Harper v. Destrehan, 2 Mart. (N. S.) 389; Blake et al. v. Morgan, 3 Mart. (O. S.) 378.

In the case at bar the exceptions of no right or cause of action were not filed before issue was joined or in limine litis, but after judgment had been rendered by the trial court, and, therefore, were never passed upon by the judge a quo.

The exceptions of no cause or right of action are, therefore, overruled.

For the reasons herein given, and for the reasons assigned in our original opinion, the former decree of this court in this case is reinstated.

Original decree reinstated.