REID, Judge.
Plaintiff, Securities Finance Company, Inc. originally filed an executory proceeding against the defendants on March 5, 1965 for the sum of $2867.48 being the balance due on a control note and collateral note secured by a mortgage on several lots and some personal household furniture. The property was duly sold by the sheriff with benefit of appraisement and plaintiff became the successful bidder for two-thirds of the appraised value.
Subsequently on May 12, 1965 plaintiff filed suit for a deficiency judgment against the defendants for the sum of $2867.48 plus interest and attorneys fees. In the due course of events a default judgment was *696 rendered and signed for this amount in favor of the plaintiff and against the defendants on June 25, 1965.
Defendants filed a petition in bankruptcy on July 1, 1965 in the Eastern District of Louisiana “In the Matter of Ralph Matthew Hawkins Sr. and Joyce Ann S. Hawkins in Bankruptcy No. BK-65-179.” On October 6, 1965 a discharge was granted to the Bankrupts, the defendants in this suit.
Plaintiff herein filed a motion in rule nisi against the defendants on the 27th of October, 1965 ordering them to show cause why the judgment rendered herein in favor of the plaintiff and against the defendants for deficiency amount of the claim should not be declared as having not been discharged in bankruptcy.
The matter was duly tried and the Lower Court with written reasons for judgment decided in favor of the defendants against the plaintiff, dismissing plaintiff’s suit at its costs. From this judgment the plaintiff has brought this appeal to this Court.
There are two issues to be passed on by this Court. The first is that the defendants failed to file any affirmative defense of this discharge in bankruptcy as required by law. The rule was tried without any pleadings filed by the defendants but they were both personally present and represented by counsel. The counsel for plaintiff objected to the introduction of the discharge in bankruptcy but the Judge of the Lower Court overruled it, and allowed it to be filed in evidence. Plaintiff claimed that the Judge committed error in so doing, and this is one of the reasons he asked for reversal.
The rule concerning pleadings in the summary proceedings such as the instant matter is set forth in LSA-C.C.P. Article 2593, which reads as follows:
“A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required, except as otherwise provided by law.
No responsive pleadings to an exception are permitted.”
Under paragraph (c) of the official revision comment on Article 2593, supra, we find the following:
“(c) The second paragraph of the above article is in accord with the practice and jurisprudence of Louisiana, except as stated in Comment (e) infra.
Under Arts. 810, 842, and 869, respectively, Code of Practice of 1870, an answer is required in habeas corpus, mandamus and quo warranto proceedings. Except for these and similar special provisions in the statutes, no answer is required under summary procedure, and if the defendant fails to appear at the trial, plaintiff may introduce his evidence immediately and secure whatever relief is justified thereby, without the necessity of taking a default. Succession of Porter, 5 Rob. 96 (La. 1843); State v. McDonnell, 13 La.Ann. 231 (1858).”
Since no responsive pleadings are required in summary matters under the provision of Article 2593, supra, and the respondent in rule, or defendants, were personally present accompanied by counsel we feel that the ruling of the Court permitting the introduction of the discharge in bankruptcy was proper.
In addition the motion of plaintiff is predicated upon a discharge in bankruptcy. Had there been no discharge there would have been no necessity for filing of said motion.
The next contention of the plaintiff is that the defendants wrongfully disposed of, appropriated to their own use, and had *697 unavailable for seizure and sale in the previous foreclosure proceedings, portions of the chattels that had been mortgaged to the mover, and that the plaintiff was unable to obtain possession of them, despite the foreclosure proceedings.
The evidence shows that at the time the deputy sheriff, Fred Raiford, seized the property, he made a check mark on personal items which he found when he made his inventory. There were a few items of questionable value not checked off of the list by the sheriff. These include the following items, to-wit:
“1. One of the two table lamps.
2. One of the three beds, mattresses, springs
3. One of three chests of drawers.
4. The dresser
5. The gas heater
■6. The wood table
7. The yellow breakfast table
8. The four yellow breakfast chairs
9. The Kelvinator refrigerator
10. The Bendix washing machine
11. The Silvertone radio
12. The Dixie gas range”
Mr. Bogan, the manager of the plaintiff concern, testified that he went with the deputy and that these items were missing. He did not bother to pick up the property which was listed as he stated the missing articles were the ones that had the most value and that what was left did not have enough value for him to bother trying to pick it up and dispose of it. There is some testimony of record that some of the property had been loaned out, some given to the Salvation Army and some property listed by Mr. Bogan when he secured the list to have the chattel mortgage prepared did not really belong to the defendant.
Mr. Hawkins and his wife both testified that the property that was missing was of no value and that was the reason why they had given it away. Mr. Hawkins in addition testified that after the seizure he located and made available at the home where he was living at that time the missing articles and conveyed this information to his attorney. The attorney for the defendant took the Stand and stated that he had informed plaintiffs attorney at that time of the whereabouts of the missing articles and that he should advise Mr. Bogan that they were now available for Mr. Bogan to pick up.
Mr. Bogan was then placed upon the Stand and denied that any one had conveyed this information to him. The attorney for the plaintiff did not take the Stand and deny attorney for the defendants testimony, and we assume that the defendants’ attorney’s testimony was correct.
We feel that plaintiff owes the defendants the duty to pick up the property when it is pointed out to him subsequent to the seizure by the sheriff. The fact that he did not see fit to pick up the property which was seized leads us to believe that for the same reason he did not bother to pick up the remaining property when it was made available to him.
The Lower Court found that the defendants had made no willful and malicious damage to the property and had not disposed of it to the prejudice of the plaintiff’s rights, in view of the actions of the defendants after the seizure was made.
For the foregoing reasons' we find no error in the judgment of the Lower Court, and it is hereby affirmed.
Affirmed.