Lloyd E. LAZARD
v.
The BOEING COMPANY.
Civ. A. No. 70–2880.

United States District Court,
E. D. Louisiana,
New Orleans Division.
Feb. 1, 1971.

Benjamin E. Smith, New Orleans, La., for plaintiff.

Frederick Kullman, New Orleans, La., for defendant.

CHRISTENBERRY, District Judge.

This matter came on for hearing on a former day on motion of defendant, The Boeing Company, to dismiss.

Now, after considering the pleadings, the memoranda and arguments of counsel, it appears to the court that the motion to dismiss is without merit and should be denied for the reasons given below.

In this suit plaintiff alleges that he was discharged by the defendant because he is a Negro, all in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1866, 42 U.S.C. § 1981. As originally brought, defendant's motion sought relief in the alternative either to dismiss the action or to consolidate it with another action presently allotted to another section of this court.

At the hearing in this matter and upon oral motion of the defendant it was ordered that the portion of defendant's motion which sought to consolidate this matter with the other action be withdrawn. Likewise, upon oral representation of counsel for plaintiff that the class action aspects of the action were being abandoned, it was stipulated between counsel and ordered by the court that the portion of defendant's motion to dismiss dealing with the propriety of class action procedures in this matter be withdrawn.

Only two issues raised in defendant's motion to dismiss remain to be decided by the court. The first is whether the complaint is barred under the doctrine of election of remedies by plaintiff having submitted his grievance to arbitration under the existing collective bargaining agreement. The arbitrators' award upheld the discharge. The second issue is whether plaintiff's complaint is barred by the running of prescription. Defendant contends that either Louisiana's one year prescriptive period for personal injuries, La.R.C.C. Art. 3536, or the one year prescriptive period for the payment of wages, La.R.C.C. Art. 3534, is applicable.

The recent Fifth Circuit decision in Hutchings v. United States Industries, Inc., 428 F.2d 303 (5th CCA 1970) involved a factual situation similar to the instant action. In Hutchings, supra, the plaintiff had unsuccessfully pursued his contractual remedies. Subsequently, he filed his Title VII action. The court noted that in such cases "the matters in dispute were subject to the concurrent jurisdiction of the federal courts under the scheme of Title VII and of the grievance-arbitration machinery established by the bargaining contract." Supra, 311.

The court noted however that although jurisdiction is concurrent, the basic orientation of each proceeding is essentially different:

"We begin by recognizing that determinations under a contract grievance-arbitration process will involve rights and remedies separate and distinct from those involved in judicial proceedings under Title VII. These dissimilarities are clearly seen through a comparison of the role of the federal court in Title VII cases and the role of the arbitrator in the grievance-arbitration process.

The trial judge in a Title VII case bears a special responsibility in the public interest to resolve the

employment dispute, for once the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the Act, not merely to afford private relief to the employee. See Pettway v. American Cast Iron Pipe Company, 5 Cir., 1969, 411 F.2d 998; Bowe v. Colgate-Palmolive Company, 7 Cir., 1969, 416 F.2d 711; cf. N.L.R.B. v. George E. Light Boat Storage, Inc., 5 Cir., 1967, 373 F.2d 763, 767–768; United Steelworkers v. American Internation'l Aluminum Corp., 5 Cir., 1964, 334 F.2d 147, 152. At issue in the Title VII proceeding is the statutory right of employees or prospective employees not to be discriminated against on racial or other unlawful grounds regarding matters of their employment. In formulating relief once a violation has been found, the trial judge is invested with wide discretion in modeling his decree to ensure compliance with the Act. Local 53 of Int. Ass'n of Heat & Frost I. & A. Wkrs. v. Vogler, 5 Cir., 1969, 407 F.2d 1047.

 The arbitrator's role in the grievance-arbitration process, on the other hand, is to carry out the aims of the agreement that he has been commissioned to interpret and apply, and his role defines the scope of his authority. Brotherhood of Railroad Train v. Central of Ga. Ry. Co., 5 Cir., 1969, 415 F.2d 403, 412."

Pp. 311–312

██ In view of these dissimilarities, the court held that pursuing one's contractual remedies would not bar subsequent relief under Title VII.

██ The issue of prescription is two-pronged. The Title VII portion of the suit is covered by the rule announced in Miller v. International Paper Co., 408 F.2d 283, 5th CCA 1968 that the aggrieved person need only file suit within 30 days after notice of the failure to achieve voluntary compliance has been sent by the E.E.O.C. and received by the aggrieved person. In the instant action the complaint was filed within the 30 day period and therefore no recourse need be made to any state prescriptive period.

██ The situation is otherwise with regard to the action brought under 42 U.S.C. § 1981. The act itself provides no statute of limitations. In such cases the limitation period is the analogous state period which would be enforced for a similar action brought in state court. Beard v. Stephens, 372 F.2d 685, 5th CCA 1967; 28 U.S.C. § 1652; 42 U.S.C. § 1988. No determination has ever been made as to which of the various Louisiana prescriptive periods is applicable to an action under 42 U.S.C. § 1981.

██ The applicability of a particular prescriptive period depends on the character of the action asserted. Under the well settled principles of Louisiana law, the character of an action is determined by the prayer of the petition, i. e., the nature of the relief prayed for. Ashbey v. Ashbey, 41 La.Ann. 102, 5 So. 539 (1889); Schoultz v. Keller, 10 La.App. 138, 120 So. 232 (1929).

In his complaint plaintiff seeks to be made whole from all effects of the discriminatory treatment which he has allegedly received. Specifically, plaintiff seeks compensatory damages for lost wages, and the personal humiliation suffered because of the discrimination. Additionally, he seeks punitive damages and injunctive relief to insure future discontinuation of defendant's allegedly discriminatory policies toward him.

██ It is true, as defendant contends, that this action is analogous to both a tort action and an action for back wages. Yet it is much broader, for damages and back wages are only two of the several remedies which may be fashioned by a federal court pursuant to this particular section of the Civil Rights Act of 1866. "The existence of a statutory right implies the existence of all necessary and appropriate remedies." Sullivan v.

Little Hunting Park, 396 U.S. 229, 239, 90 S.Ct. 400, 405, 24 L.Ed.2d 386. Sullivan, supra, which dealt with § 1982, clearly shows that a federal court has the power to fashion an effective equitable remedy as well as award damages. In this sense plaintiff's relief under the Civil Rights Act of 1866, 42 U.S.C. § 1981 "is potentially as broad as that available in [his] action * * * under Title VII." Waters v. Wisconsin Steel Wks. of Internat'l Harvester Co., 427 F.2d 476, 488, 7 CCA 1970.

■ Considering the breadth of the remedy available under § 1981, it would be erroneous to characterize the action as merely one for tort or back wages and thus apply Louisiana's one year prescriptive period. In reality this cause of action is one for discrimination, the cure for which, as stated above, may be any one of a number of remedies. Viewed in this light, it is apparent that since Louisiana recognizes no specific cause of action for discrimination, there exists no specific prescriptive period which may be used. In such cases La. R.C.C. Art. 3544 is applicable. This article provides:

"Art. 3544. Personal actions, general rule

In general, all personal actions, except those before enumerated, are prescribed by ten years."

In reaching this decision reliance is placed on the recent decisions by the Court of Appeals for the Seventh Circuit in Waters v. Wisconsin Steel, supra, and Baker v. F. & F. Investment, 420 F.2d 1191, 7th CCA 1970. The Waters case, supra, dealt with 42 U.S.C. § 1981. Baker, supra, dealt with 42 U.S.C. § 1982. Both cases rejected certain specific limitation periods under Illinois law and chose instead to apply that state's five year statute of limitations governing civil actions not otherwise provided for.

Accordingly, defendant's motion to dismiss must be and it is hereby denied.