JENNIE BROOKS, Appellant, v. THOMAS SEEVERS.

Limitation of Actions: SUBSTITUTED PETITION: *Malicious Prosecution.* In an action for malicious prosecution, brought within two years after the cause thereof was alleged to have accrued, as required by Code, 3447, the original petition stated the cause of action to be the conspiring and confederating together of defendants to cause plaintiff's arrest, and that by the conspiracy so formed she was arrested, and charged with the crime of attempting to poison R. In a substituted petition the charge was against one defendant alone, and it was alleged that he induced and instigated R. to file an information charging plaintiff with the crime of threatening to commit a public offense, and charging plaintiff with attempting to kill him by poisoning. The original petition placed the occurrence on or about the latter part of May, 1896, and the substituted petition placed it as on June 17, 1896. The original petition charged the plaintiff was arrested, tried and acquitted, but no time was specified. In the substituted petition the time of arrest was fixed as on June 17, 1896, and the trial and acquital as on June 23d. *Held*, that the causes of action alleged were not identical, though both were for malicious prosecutions, and, hence, as limitations had run against the cause alleged in the substituted petition at the time it was filed, a demurrer thereto was properly sustained.

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

THURSDAY, DECEMBER 20, 1900.

ON the thirteenth day of May, 1898, the plaintiff filed a petition in the district court of Mahaska county against Thomas Seevers and Harve England, containing, among others, the following averments: "Plaintiff states that the

defendants are indebted to her  in the sum of $5,000, and
for cause of action states that on or about the latter part
of May, 1896, the plaintiff was at that time living with one
Mary Brooks, and that the said Mary Brooks had a case
pending in the district court of Mahaska county, Iowa,
against the defendant Thomas Seevers for bastardy; that the
plaintiff herein was an important witness for the said Mary
Brooks; and the plaintiff avers that on or about the time
aforesaid the defendants herein conspired and confederated
together to cause the arrest of the plaintiff herein, and that the
plaintiff herein was arrested through and by the conspiracy
so formed, and charged with the crime of attempting to poi
son one W. H. Roberts, now deceased, by putting arsenic or
some other deadly poison in his food.   *   *   *   Plaintiff
further avers that said charge was made by and through the
conspiracy formed by the defendants, and that the poison
which was claimed to have been placed in the coffee of the
said W. H. Roberts, deceased was put thereby and through
the conspiracy of the defendants themselves." The other
averments of the petition are as to malice, want of probable
cause, damage, etc.   There was an answer in denial, and on
the twenty-fifth day of April, 1899, by leave of court, an
amended and substituted petition was filed, in which Thomas
Seevers is alone made defendant, the cause being dismissed
as to defendant England.   The following are averments of
that petition: "Comes now the plaintiff in this cause, and
files herein her amended and substituted petition, leave hav-
ing been granted by the court.   The plaintiff states that de-
fendant is indebted to her in the sum of $5,000 for malicious
prosecution, and for cause of action states that on the seven-
teenth day of June, 1896, the defendant maliciously and
without probable cause, induced and instigated one W. H.
Roberts to file an information against the plaintiff before
one H. P. Weaver, a justice of the peace in and for Oska-
loosa township, Mahaska county, Iowa, accusing and charg-
ing the plaintiff herein with the crime of threatening to

commit a public offense, and charging the plaintiff herein with attempting to kill one W. H. Roberts by administering poison to him, the said W. H. Roberts." The other averments of the substituted petition are not important for the purpose of the question we are to consider. To the substituted petition there was a demurrer upon several grounds, and, among them, that the cause of action therein stated was barred by the statute of limitations. The court sustained the demurrer, and, the plaintiff having elected to stand on her petition, judgment was entered accordingly, from which the plaintiff appealed.—*Affirmed.*

*Dan Davis* for appellant.

*John F. & Wm. R. Lacey, George W. Seevers,* and *Boulton, McCoy & Boulton* for appellee.

GRANGER, C. J.— The cause of action under the substituted petition arose, according to its averments, on the seventeenth of June, 1896, and the substituted petition was filed April 25, 1899, the time between the two events being more than two years. By the provisions of Code, section 3447, such actions are barred if not brought within two years after the causes thereof accrue. The original petition was filed within the two years, and the claim of appellant is that the cause of action stated in the substituted petition is the same as that stated in the original petition, and hence that the action is not barred. The query, then, is, does the substituted petition present a new and distinct cause of action? Appellant's theory is that, the action stated in each petition being for malicious prosecution, the cause of action is the same; but we cannot adopt that view of the case. The cause of an action is that which gives rise to it. The act or acts from which a liability accrues and an action for malicious prosecution may be for one of many causes. The identity of a cause of action is not fixed by the general term "malicious prosecution," but by the averments of facts from which such an ac-

tion arises, as would be true in actions for divorce, for negligence, or any other of the many actions known by general legal designations. In the original petition the cause of action is stated to be the conspiring and confederating together of the defendants, Seevers and England, to cause the arrest of the plaintiff, and by and through the conspiracy so formed she was arrested and charged with the crime of attempting to poison one W. H. Roberts. In the substituted petition the charge is against defendant Seevers alone, and it is that he induced and instigated one W. H. Roberts to file an information accusing and charging the plaintiff with the crime of threatening to commit a public offense, and charging the plaintiff with attempt to kill one W. H. Roberts by administering poison to him. The original petition places the occurrence on or about the latter part of May, 1896, and the substituted petition places it as on the seventeenth day of June, 1896. In the original petition it is charged that plaintiff was arrested, tried, and acquitted, but no time is specified. In the substituted petition the time of the arrest is fixed as on the seventeenth of June, 1896, and the trial and acquittal were on the 23d day of June. The facts upon which recovery is sought in the two petitions are so different that no court would be warranted in holding, as a legal conclusion, that they arose from the same transaction. In the original petition it is charged that the arrest was caused by a conspiracy, and the necessary inference is that the conspirators filed the information charging the crime. In the substituted petition it is charged that Seevers alone induced one W. H. Roberts to file an information charging the crime. The language specifying the crime charged differs somewhat in the two petitions, and we need not determine whether the charge is identical or not; as the case may be readily determined from the other facts. There is no inconsistency in holding these transactions to be different. In fact, to hold them the same is to assume what does not appear. Apellant's argument hardly attempts to show the causes of

action to be the same on the line of the facts supporting such a conclusion, but because in each petition malicious prosecution is the general ground of complaint. The district court did not err in sustaining the demurrer, and its judgment is AFFIRMED.