## MA–KA–TA–WAH–QUA–TWA v. REBOK.

(Circuit Court, N. D. Iowa, Cedar Rapids Division.   October 24, 1901.)

### No. 115.

**1. JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.**

An action by a tribal Indian against the agent of his tribe for caus-
ing plaintiff's arrest upon a false charge of violating the laws of the
United States and for fraudulently securing his conviction, the issue
being whether plaintiff was in fact guilty of the offense charged, is
one arising under the laws of the United States, of which a federal
court has jurisdiction.[1]

**2. LIMITATION—ACTION FOR MALICIOUS PROSECUTION.**

Plaintiff brought an action for damages, alleging in his petition that
defendant caused his arrest and indictment on a false charge of vio-
lating the laws of the United States, and by misrepresenting the facts
to the court, and by his representations to plaintiff, who was a tribal
Indian, and could not read or speak the English language, procured the
entry of a plea of guilty on which plaintiff was sentenced to the peni-
tentiary. The court had jurisdiction of the crime charged and of the
defendant in the indictment, and its sentence was lawful on the plea
entered. *Held*, that the action was not one for false imprisonment, but
in effect one for malicious prosecution, against which limitation ran
from the date of the arrest, and not from the expiration of the term of
imprisonment.

At Law.   On demurrer to petition.

J. W. Lamb and Wm. G. Clark, for plaintiff.
Caldwell & Walters and Struble & Stiger, for defendant.

SHIRAS, District Judge.   It is averred in the petition filed in this
case that the plaintiff is a tribal Indian, being a member of that por-
tion of the confederated tribe of Sacs and Foxes who reside on a
reservation in Tama county, Iowa.   It is further averred that during
the years 1895, 1896, and 1897 the defendant was the agent appointed
by the United States and placed in charge of the Indians in Tama
county; that the defendant wrongfully charged the plaintiff with
making a false declaration to secure the payment of a double annuity
for his son, in fraud of the United States, and caused his arrest and
indictment by the grand jury of the United States district court at
Ft. Dodge, Iowa, at the November term, 1897; that the plaintiff
cannot read or speak the English language; that the defendant, by
certain alleged false representations, and in violation of his duty as
agent for said tribe, brought about the entering of a plea of guilty to
the indictment by the plaintiff, upon which plea he was sentenced
by the court to imprisonment in the penitentiary at Anamosa for the
period of two years; that plaintiff was so imprisoned until April 4,
1899, when he was released under a pardon granted him by the presi-
dent of the United States.   On the 1st day of April, 1901, plaintiff
brought this action to recover damages for the wrongs alleged to
have been suffered at the hands of the defendant.   To this petition

---

[1] Federal question as ground of jurisdiction, see notes to Bailey v. Mosher,
11 C. C. A. 308; Montana Ore Purchasing Co. v. Boston & M. Consol. Copper
& Silver Min. Co., 35 C. C. A. 7.

the defendant demurs on the grounds that the court is without jurisdiction, and that the action is barred by the statute of limitation. Upon the question of the jurisdiction it appears on the face of the petition that the plaintiff is a tribal Indian, and that the defendant, when the acts complained of were done, was the agent in charge of the tribe, and the question presented is whether the plaintiff, in the action taken by him in connection with the annuities paid to his son, violated the laws of the United States in such sense that he was chargeable with a crime by reason thereof, and it is apparent that this question is dependent upon the laws and treaties of the United States, and their applicability to the plaintiff as a tribal Indian; and therefore it is made plain that this case arises out of the laws of the United States in such sense as to confer jurisdiction upon the court. This being an action brought for injuries to the person and reputation of the plaintiff, it falls within that clause of the state statute that prescribes two years as the limit of time within which the action can be brought. The facts averred in the petition do not show that the plaintiff was sentenced and imprisoned by a court that was without jurisdiction in the premises. The crime charged in the indictment was for a violation of a law of the United States committed within the limits of the Northern district of Iowa, and therefore jurisdiction over the case and the defendant therein was in the court that heard the matter and imposed the sentence. The gravamen of the complaint against the defendant in the present suit is that he falsely represented the facts to the court, and by his representations to the defendant prevented him from making a defense to the indictment, and wrongfully procured the entry of a plea of guilty on behalf of the present plaintiff, upon which the sentence of the court was based. The imprisonment suffered by the plaintiff was in pursuance of a sentence imposed by a court of competent authority, and possessed of jurisdiction over the crime charged and over the person of the defendant in the indictment. The judgment of the court upon the plea of guilty has never been questioned or set aside, nor did the present plaintiff ever appeal to the court for relief on the ground that he had been misled with respect to the plea entered by him.

Under these circumstances the cause of action set forth in the petition cannot be construed to be an action for false imprisonment. It is in fact a suit for malicious prosecution in form and in substance. Thus, in 12 Am. & Eng. Enc. Law (2d Ed.) p. 739, it is said:

"The second, and no less essential, requisite to the constitution of a false imprisonment is that the detention or restraint should be unlawful. It is a rule of law, in this connection, which admits of no exception, that where there is an arrest on a valid warrant,—one neither void nor voidable,—it is not a false imprisonment, and no liability is incurred by any person whomsoever, whether immediately or only remotely connected therewith; and the rule applies no matter how corrupt or unfounded or mistaken the motives which induced the issuance or execution of the warrant may have been."

With respect to actions for malicious prosecution, the statute of limitations begins to run from the date the process is served or the arrest is made, whereas in actions for false imprisonment it begins to run at the termination of the false imprisonment. Wood, Lim. p.

369, § 178. The petition in this case clearly shows that the arrest of the plaintiff and all acts done by the defendant in connection therewith took place more than two years before the present action was begun, and therefore the bar of the statute is complete. Upon this ground, therefore, the demurrer is sustained, and the suit is dismissed.