## WOLFE v. MURPHY et al.

### No. 11697.

Circuit Court of Appeals, Eighth Circuit.

July 30, 1940.

George E. Wallace, of St. Paul, Minn., for appellant.

W. A. Smith, of Dubuque, Iowa (F. A. O'Connor, Paul F. Smith, and E. Marshall Thomas, all of Dubuque, Iowa, on the brief), for appellees.

Before WOODROUGH and THOMAS, Circuit Judges, and BELL, District Judge.

THOMAS, Circuit Judge.

This is an appeal by the plaintiff in the district court from a judgment dismissing his complaint on the ground that the alleged cause of action was barred by the statute of limitations.

The present suit is an action for damages for malicious prosecution. The plaintiff is a citizen of Minnesota and the defendants reside in Clayton county, Iowa. More than $3,000 is involved.

The date of the accrual of the alleged cause of action is the single question presented. The facts giving rise to the problem are not in dispute. They will be briefly summarized.

On May 10, 1932, the defendants filed three separate informations before a Justice of the Peace in Clayton county, Iowa, charging the plaintiff with the crime of libel. The plaintiff was arrested and imprisoned on May 11, 1932, and held to await the action of the grand jury at the October, 1932, term of the District Court of Iowa for Clayton county. The plaintiff and the defendants all appeared before the grand jury and their statements were taken. On October 20, 1932, the grand jury made a report failing to indict the plaintiff and recommending that the proceedings be deferred; that the plaintiff be released from custody and that upon his release the civil officers "serve him with such notice as may be necessary to the end that he may not establish a residence within our county and become a public charge." Thereupon the plaintiff was released from custody and the District Court entered upon its calendar the following entry: "Defendant discharged on recommendation of Grand Jury as per written statement on file." But the clerk of the court did not enter the order of discharge in the record book of the district court.

. On October 5, 1937, plaintiff filed a motion to correct the record in the District Court of Clayton county, Iowa, with the request that the court investigate all the procedure relative to the cause entitled State of Iowa v. Charles J. Wolfe "and make a finding and determination in accordance with the actual facts and the conclusions to be drawn therefrom." The county attorney filed objections to the motion. After a hearing upon the motion the court found the facts stated above and further that during the year 1932 it was the custom of the clerk of the court to make no record of a criminal action in which the grand jury returned no indictment, and that in accordance with that custom the entry upon the judge's calendar under date of October 20, 1932, had not been entered upon the records of the court. It was ordered that such entry be placed upon the permanent record under the proper date. The court concluded: "It is the final conclusion and determination of this court that the defendant was fully discharged on October 20, 1932, and there has been no action pending against the defendant since that date." This "Finding, Order and Judgment" of the District Court of Clayton county was entered on October 6, 1937.

After the defendant was discharged from custody on October 20, 1932, the October 1932 Term of the District Court was adjourned. The judge made no order of continuance, and the matter has not since been submitted to any grand jury.

The record does not disclose when the present suit was commenced; but the court found that it was begun more than two years after October 20, 1932, and counsel assume that it was commenced within two years after the entry of the order to correct the record entered by the District Court of Clayton county on October 6, 1937. It appears that an amended complaint was filed November 25, 1939.

 It is agreed that the action is governed by the law of Iowa, and under the law of that state an action for malicious prosecution is barred two years after the cause of action accrues. Code of Iowa, Section 11007.

It is the rule in Iowa, subject to certain exceptions not here material, that an action for damages for malicious prosecution does not accrue until the proceedings upon which the action is based are terminated in favor of the defendant therein. Any mode of termination is suf-

ficient which renders the proceeding incapable of revival. The original case must be disposed of in such a way that it cannot be renewed by the prosecutor and so that if he proceeds further he must be driven to a new proceeding. White v. International Text-Book Co., 156 Iowa 210, 136 N.W. 121, 125, 42 L.R.A.,N.S., 346; 38 C.J. 437, 443.

■■ The appellees contend that the right of action accrued on October 20, 1932, when the grand jury reported and failed to indict and the court entered the notation of discharge on his calendar. If this position is well taken the action was barred by the two-year statute.

It is appellant's contention that his cause of action did not accrue until the nunc pro tunc order was entered by the Clayton county District Court on October 6, 1937, and that it was, not barred.

Appellee's contention must be sustained as a matter of law. Section 14023 of the Code of Iowa provides that "When a person is held to answer for a public offense, if an indictment be not found against him at the next regular term of the court at, which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." If sufficient reason is shown, section 14025 provides that the court may continue the prosecution from term to term but not "beyond the following three terms of the court."

Since the court made no finding that a "good cause" or "sufficient reason" for a continuance was shown, it was the court's duty to dismiss the prosecution.

Section 13722 of the Code provides that "If, upon investigation, the grand jury refuses to find an indictment, it shall return all of said papers to the court, with an indorsement thereon, signed by the foreman, to the effect that the charge is dismissed, and thereupon the court must order the discharge of the defendant from custody if in jail, and the exoneration of bail if bail be given, unless the court, upon good cause shown, direct that the charge should again be submitted to the grand jury, in which case the defendant may be continued in custody, or on bail, until the next term of court."

The grand jury did not indict in this instance; neither did they make an indorsement on their report that the charge is dismissed. The court did note on his calendar that the defendant was discharged. He did not direct that the charge should again be submitted to the grand jury, nor did he order the prosecution to be continued. Logically the same result must follow as if the grand jury had dismissed the charge or the judge had entered an order of record discharging the defendant. This conclusion is in harmony with and is supported by the finding of the judge of the state court in the proceeding to correct the record of that court and of the federal judge in Iowa to whom the issue was submitted. While their decisions are not binding upon this court, their reasoning is persuasive and is entitled to great weight. Further, their finding is in accord with our interpretation of the Iowa law. See also Rector v. Smith, 11 Iowa 302, and State v. Brown, 128 Iowa 24, 102 N.W. 799.

And appellant's contention is not sound that the cause of action did not accrue and set in motion the statute of limitations until the nunc pro tunc order of October 6, 1937, was entered.

■■ Under the law of Iowa the judge's calendar is not a part of the court records. Traer Bros. v. Whitman, 56 Iowa 443, 9 N.W. 339; Miller v. Wolf, 63 Iowa 233, 18 N.W. 889. Nor is the court's entry upon his calendar a judgment. Kennedy v. Citizens' National Bank, 119 Iowa 123, 93 N.W. 71. But the notation on the judge's calendar is a reminder or direction to the clerk of the court to enter the judgment or decree. Cooley v. District Court of Polk County, 180 Iowa 740, 163 N.W. 625, 626; Martin v. Martin, 125 Iowa 73, 99 N.W. 719. When the clerk of the court by inadvertence, oversight or mistake fails to enter the judgment in the record of the court according to the directions noted by the judge in his calendar, the court upon motion of the party interested has power and may order the judgment entered nunc pro tunc. Doughty v. Meek, 105 Iowa 16, 74 N.W. 744, 67 Am.St.Rep. 282; Mahaska County v. Bennett, 150 Iowa 216, 129 N.W. 838; Locher v. Livingston, 168 Iowa 457, 150 N.W. 614; Chariton & Lucas County Nat. Bank v. Taylor, 213 Iowa 1206, 240 N.W. 740. In the Doughty case, supra, it is pointed out that a nunc pro tunc judgment relates back to the date when it should have been recorded and was not. "The omission is one of evidence, and not of fact; and, the evi-

dence being supplied in a proper manner, full force and effect will be given to the fact, as if the evidence had existed from the beginning." [105 Iowa 16, 74 N.W. 745, 67 Am.St.Rep. 282.] And it was held in the Doughty case that a nunc pro tunc entry operated to save an execution which had previously been issued. In the Mahaska County case, supra, the court say [150 Iowa 216, 129 N.W. 839]: "a judgment nunc pro tunc is retrospective, and has the same force and effect, to all intents and purposes, as if it had been entered at the time when the judgment was rendered."

Under the foregoing Iowa authorities, suppose the plaintiff had commenced his action for damages for malicious prosecution within two years following the entry of ·notation on the judge's calendar directing his discharge on October 20, 1932, there can be no doubt the action could have been maintained. Had the defendants urged the bar of the statute of limitations on the ground that the prosecution of the criminal libel had not been terminated, the action could have been saved by a judgment nunc pro tunc.

It follows, both on grounds of a logical interpretation of the Iowa statutes and on the authority of Iowa decisions, that plaintiff's cause of action for malicious prosecution accrued on October 20, 1932, and that when finally commenced it was barred by the two-year statute of limitations. The judgment of the . district court dismissing the case on that ground was right, and it is affirmed.