**Gale Hearold JOHNSON, Appellant,**

v.

**John A. DAILEY, Appellee.**

**Nos. 72–1646, 72–1719.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1973.

Decided May 17, 1973.

---

Bright, Circuit Judge, dissented and filed opinion.

John W. Windhorst, and Phillip H. Martin, Minneapolis, Minn., filed appendix, appellants' brief and appellants' reply brief.

Thomas F. Daley, Jr., Davenport, Iowa, and Gene R. Krekel, Burlington, Iowa, filed brief for appellee.

Scott P. Crampton, Asst. Atty. Gen., and Meyer Rothwacks and Elmer J. Kelsey and Carolyn R. Just, Attys., Dept. of Justice, Tax Div., Washington, D. C., filed brief for appellee, Commissioner.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

## PER CURIAM.

Gale Hearold Johnson appeals from the dismissal of his civil rights complaint brought in the United States District Court for the Southern District of Iowa under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and § 1985. The principal issue on appeal is whether Johnson's claim for relief is barred by a two-year state statute of limitation. We find that Johnson's action was barred, and affirm.

Johnson was found guilty of second degree murder in Des Moines County, Iowa, in 1934, and he was sentenced to life imprisonment. John A. Dailey, the appellee herein, was the prosecuting attorney. Subsequently Johnson brought a habeas corpus action claiming that the Iowa alibi instruction used at his trial was unconstitutional, that the State had suppressed evidence favorable to Johnson, and that the State had intentionally used false evidence in the prosecution. This Court affirmed the dismissal of Johnson's habeas corpus action. Johnson v. Bennett, 386 F.2d 677 (8th Cir. 1967). The Supreme Court granted certiorari, Johnson v. Bennett, 390 U.S. 1002, 88 S.Ct. 1247, 20 L.Ed.2d 102 (1968). Thereafter this Court decided Stump v. Bennett, 398 F.2d 111 (8th Cir.), cert. denied, 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968), in which we held that an alibi instruction similar to that challenged by Johnson was unconstitutional. The Supreme Court then remanded *Johnson* to this Court for reconsideration in light of *Stump.* Johnson v. Bennett, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968). This Court in turn found the alibi instruction challenged by Johnson to be unconstitutional. Johnson v. Bennett, 414 F.2d 50 (8th Cir. 1969). Johnson was released from custody on August 23, 1969.

Approximately three years later, on April 28, 1972, Johnson filed the complaint in this action, the essence of which may be summarized in Johnson's own words:

"That on November 13, 1934, Defendant Dailey did knowingly and wanton-

nessly, *maliciously prosecute* Plaintiff for murder by use of fabricated facts and falsified evidence, and was unlawfully convicted, and sentenced December 10th, 1934, to life imprisonment.

.    .    .    .    .    .

"Plaintiff has and will continue to suffer great *mental anguish* and *physical pains* for the rest of his life as a direct and indirect result of the said Defendant's . . . illegal acts and unlawful conduct." (Emphasis supplied.)

The trial court, finding that the latest possible date the claim for relief could have accrued was August 23, 1969, held Johnson's claim barred by a two-year state statute of limitations. On July 2, 1972, a second complaint was filed by Johnson which contained allegations similar to those in the first complaint. This complaint was dismissed as barred by the statute of limitations and precluded by the trial court's earlier order. Johnson appealed and the cases were consolidated.

■ First, since neither 42 U.S.C. § 1983 or 42 U.S.C. § 1985 define the time within which suits thereunder must be brought, we must look to the most applicable Iowa statute of limitations to determine whether this action is barred. *See e. g.*, O'Sullivan v. Felix, 233 U.S. 318, 322–323, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Savage v. United States, 450 F.2d 449, 450–452 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972); C. Antieau, Federal Civil Rights Act § 85 at 111 (1971); Annot., 98 A.L.R.2d 1160, 1161–1162 (1964). It is arguable that Iowa has two statutes of limitation which conceivably might apply:

2. Injuries to person or reputation —relative rights—statute penalty. Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.

.    .    .    .    .    .

4. Unwritten contracts—injuries to property—fraud—other actions.

Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, *and all other actions not otherwise provided for in this respect, within five years* . . . Iowa Code Ann. § 614.1 ¶ 2, 4 (Supp. 1973). (Emphasis supplied.)

■ Second, it must be determined which of these two statutes apply by characterizing the basis of the claim for relief. The case of Savage v. United States, *supra*, 450 F.2d at 451–452, is instructive:

"The deprivation of civil rights claims focus entirely on what was said and done by the various defendants in instigating and encouraging the return of the indictment charging Savage with mail fraud. It is alleged that this indictment was returned solely because the defendants conspired to put erroneous and defamatory material before the Grand Jury. In this factual setting it is the Minnesota statute governing the timeliness of defamation and malicious prosecution actions which, in our view, best speaks to the general type of wrong and conduct sought to be prevented and deterred by §§ 1983 and 1985(3)." *But cf.* Glasscoe v. Howell, 431 F.2d 863 (8th Cir. 1970).

Actions for malicious prosecution in Iowa appear to be governed by the two-year statute of limitation quoted above. *See* Wolfe v. Murphy, 113 F.2d 775, 776 (8th Cir.), cert. denied, 311 U.S. 700, 61 S.Ct. 138, 85 L.Ed. 454 (1940); MA-KA-TA-WAH-QUA-TWA v. Rebok, 111 F. 12, 13 (C.C.N.D.Iowa 1901); Brooks v. Seevers, 112 Iowa 480, 84 N.W. 517 (1900); *cf.* Clark v. Figge, 181 N.W.2d 211, 215 (Iowa 1970). Since this action may be properly characterized as one in the nature of malicious prosecution it is therefore barred by the two-year statute of limitations.

For the reasons hereinbefore expressed the orders dismissing Johnson's action are affirmed.

BRIGHT, Circuit Judge (dissenting).

I dissent. I believe this case to be controlled by our decision in Glasscoe v. Howell, 431 F.2d 863 (8th Cir. 1970). There we held that the Arkansas one-year statute of limitations for false imprisonment or assault and battery did not apply to a civil rights action against state police who allegedly wrongfully arrested appellant and beat him into unconsciousness. We concluded that either the three-year limitation for actions "founded on any contract or liability, express or implied," or the five-year general statute of limitations should apply. Ark.Stat.Ann. §§ 37–206, –213 (1962). Quoting from the Ninth Circuit case of Smith v. Cremins, 308 F.2d 187, 190 (1962), we adopted the following reasoning:

> "Section 1983 of the Civil Rights Act clearly creates rights and imposes obligations different from any which would exist at common law in the absence of statute. A given state of facts may of course give rise to a cause of action in common-law tort as well as to a cause of action under Section 1983, but the elements of the two are not the same. The elements of an action under Section 1983 are (1) the denial under color of state law (2) of a right secured by the Constitution and laws of the United States. Neither of these elements would be required to make out a cause of action in common-law tort; both might be present without creating common-law tort liability. As Mr. Justice Harlan recently suggested, 'a deprivation of a constitutional right is significantly different from and more serious than a violation of a state right and therefore deserves a different remedy even though the same act may constitute both a state tort and the deprivation of a constitutional right.'" [Glasscoe, supra, 431 F.2d at 865.]

Following this same reasoning in this case, I would apply Iowa's five-year general statute of limitations. Iowa Code Ann. § 614.1 ¶ 4 (Supp.1973). To apply Iowa's two-year statute of limitations governing common law actions in contract or tort or actions for a statute penalty as opposed to statutorily created liability, seems to me too narrow a characterization of the breadth of the cause of action and remedy intended under the Civil Rights Act.

To the extent that Savage v. United States, 450 F.2d 449, 451 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972), may be deemed inconsistent with Glasscoe, I would follow Glasscoe as the more persuasive authority. See Baker v. F & F Investment, 420 F.2d 1191, 1197–1198 (7th Cir.), cert. denied, 400 U.S. 821, 91 S.Ct. 42, 27 L.Ed.2d 49 (1970); Wakat v. Harlib, 253 F.2d 59, 62–64 (7th Cir. 1958); Lazard v. Boeing Co., 322 F. Supp. 343, 345–346 (E.D.La.1971).