**Richard A. ZAUN, Plaintiff,**

v.

**Michael S. HALPERN, Defendant.**

**No. 3–73–Civ–159.**

United States District Court,
D. Minnesota,
Third Division.

Oct. 22, 1974.

Richard A. Zaun, pro se.

Sandra K. Agvald, Clarence E. Hagglund, P. A., Minneapolis, Minn., for defendant.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

This matter is before the Court on defendant's motion to dismiss on the ground that the action is barred by the applicable statute of limitations. Plaintiff alleges that his arrest without a warrant by defendant police officer deprived him of his civil rights in violation of 42 U.S.C. § 1983. Juridiction exists under 28 U.S.C. § 1343. For the reasons expressed below, the Court is of the opinion that defendant's motion to dismiss should be granted.

In Savage v. United States, 450 F.2d 449 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972), our Court of Appeals for the Eighth Circuit set forth the standard to be employed in determining the applicable statute of limitations for actions brought under § 1983:

> The law is clear that state statutes of limitation govern the timeliness of federally created causes of action unless the Congress specifically has supplied a limitation period. Accordingly, since neither §§ 1983 nor 1985 define the time within which suits thereunder must be brought, we must look to the appropriate or analogous law of Minnesota to determine whether these claims are barred. In so doing, we are to select that Minnesota limitation provision which seems best to effectuate the federal policy underpinning the claims now before us.

*Id.* 450 F.2d at 451 (footnotes omitted).

In Johnson v. Dailey, 479 F.2d 86 (8th Cir.), cert. denied, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 246 (1973), and *Savage,* the Eighth Circuit "focused upon the character of the conduct underlying the civil rights violation in order to determine the most appropriate statute of limitations." Reed v. Hutto, 486 F.2d 534, 535 (8th Cir. 1973). *But cf.* Glasscoe v. Howell, 431 F.2d 863 (8th Cir. 1970). In the instant action, plaintiff's allegation that he was deprived of his civil rights by an unlawful arrest and imprisonment most closely resembles an action under state law for false imprisonment. Therefore, it is the Minnesota statute which governs the timeliness of false imprisonment actions which "best speaks to the general type of wrong and conduct sought to be prevented and deterred by" § 1983. Savage v. United States, supra 450 F.2d at 451. An action for false imprisonment in Minnesota must be commenced within two years of the accrual of the claim. Minn.Stat.Ann. § 541.07(1). Here, plaintiff's cause of action accrued no later than May 19, 1970, the date of his release from custody; plaintiff filed his complaint on May 21, 1973. Accordingly, the action is barred by the applicable two-year statute of limitations.

For the foregoing reasons, it is ordered that defendant's motion to dismiss is granted.