**John L. BARRETT, Plaintiff,**

v.

**Roy WICHAEL, County Sheriff for the County of Pottawattamie, et al., Defendants.***

**Civ. No. 73–170–2.**

United States District Court,
S. D. Iowa, C. D.

Nov. 1, 1974.

Robert Bartels, Barry A. Lindahl, Iowa City, Iowa, for plaintiff.

Lyle A. Rodenburg, County Atty., Council Bluffs, Iowa, for defendants Sheriff and County of Pottawattamie.

Hugh P. Finerty, City Atty., Council Bluffs, Iowa, for defendant Mayor.

ORDER

HANSON, Chief Judge.

This matter is before the Court by way of plaintiff's motion to strike certain statute of limitations defenses raised by the three defendants. This lawsuit was filed *pro se* by John L. Barrett, who asserts that the defendants violated his constitutional rights in failing to provide him with proper medical attention after he suffered an injury while being held in the Council Bluffs City Jail. Jurisdiction of this Court is based on 42 U.S.C. § 1983, and 28 U.S.C. § 1343.

Because § 1983 contains no statute of limitations, the Court must look to state law to supply one. O'Sullivan v. Felix, 233 U.S. 318, 322, 34 S.Ct. 596, 58 L.Ed. 980 (1914). Two Iowa statutes have been urged upon the Court as applicable to this litigation:

> 2. Injuries to person or reputation—relative rights—statute penalty. Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.

> .   .   .   .   .   .

> 4. Unwritten contracts—injuries to property—fraud—other actions. Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, *and all other actions not otherwise provided for in this respect, within five years* .  .  . Iowa Code Ann. § 614.1 Pars. 2, 4 (Supp. 1973). (Emphasis supplied.)

* Note, County and City indicated are in Iowa.

The Court's choice in this matter is crucial, for the complaint was filed approximately two years and one month after the injury was sustained. Hence application of the personal injury statute bars this action, while application of the more general provision does not.

Determination of this issue has been greatly complicated by the fact that recent Eighth Circuit Court of Appeals decisions have reached seemingly irreconcilable results on this issue. In Savage v. United States, 450 F.2d 449 (8th Cir. 1971), and Johnson v. Dailey, 479 F.2d 86 (8th Cir. 1973), the court "focused upon the character of the conduct underlying the civil rights violation in order to determine the most appropriate statute of limitations." Reed v. Hutto, 486 F.2d 534, 535 (8th Cir. 1973). Both cases involved allegations of malicious prosecution, and resulted in the application of statutes of limitations governing common law torts. The *Johnson* decision involved an application of § 614.-1(2) of the Iowa Code. Neither case, however, purported to overrule Glasscoe v. Howell, 431 F.2d 863 (8th Cir. 1970). In *Glasscoe* the court emphasized the "statutory deprivation" being asserted, rather than the underlying tortious conduct. As a result, the court held that either the Arkansas "general" limitations section would apply, or the limitations period based on violation of a statutory liability. In other words, *Glasscoe* dictates applying the five-year provision of § 614.1(4), while *Johnson* and *Savage* are authority for the two-year period.

The Circuit Court is not unmindful of its varied positions. In Reed v. Hutto, *supra,* the most recent Eighth Circuit case on this issue, the court acknowledged the existence of the two positions just delineated, but declined to resolve the inconsistency, as it would not affect that case. Here, of course, the choice will affect the litigation.

As the Eighth Circuit indicated in *Reed,* a plethora of circuit court of appeals cases exist on this very point. 486 F.2d at 537 n. 2. The various circuit-level opinions go both ways, and this Court feels that a lengthy elaboration by it would do little to settle the matter—the United States Supreme Court must eventually resolve this issue. For purposes of this motion, however, this Court must choose between Iowa's two- and five-year statutes.

The *Glasscoe* case contains this quotation from the case of Smith v. Cremins, 308 F.2d 187 (9th Cir. 1962):

"Section 1983 of the Civil Rights Act clearly creates rights and imposes obligations different from any which would exist at common law in the absence of statute. A given state of facts may of course give rise to a cause of action in common-law tort as well as to a cause of action under Section 1983, but the elements of the two are not the same. The elements of an action under Section 1983 are (1) the denial under color of state law (2) of a right secured by the Constitution and laws of the United States. Neither of these elements would be required to make out a cause of action in common-law tort; both might be present without creating common-law tort liability. As Mr. Justice Harlan recently suggested, 'a deprivation of a constitutional right is significantly different from and more serious than a violation of a state right and therefore deserves a different remedy even though the same act may constitute both a state tort and the deprivation of a constitutional right.'"

It is the conclusion of this Court that application of Iowa's two-year statute unnecessarily restricts what was meant to be a broad federal remedy. *See* Johnson v. Dailey, *supra,* 479 F.2d at 89 (Bright, J., dissenting). To view the alleged maltreatment of a prisoner by individuals entrusted with governmental powers on the same scale as a common law tort involving two private individuals would simply ignore the reality of the situation. *See* Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 391–

92, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Therefore, this Court adopts the view enunciated by the Eighth Circuit Court of Appeals in Glasscoe v. Howell, and holds that the five-year limitations period of § 614.1(4) of the Iowa Code governs this lawsuit.

Accordingly, it is hereby ordered that plaintiff's motion to strike defenses of Wicheal, Katelman and Sulentic be granted.